Mr. Justice Huger'
delivered the opinion of the court.
The tenure by which an office is held, does not depend, upon the commission, which .the governor may think pro* per to give — it is only evidence of the appointment. The tenure must depend upon the provisions of the act creating the office, or upon the constitution. No office exists in thk state by prescription. It is necessary then to look beyond the commission, to ascertain the tenure of the office held by Mr. Stark anterior to 1312.
If a commission issued by the governor cannot controul the "provisions of an act of the legislature, neither can an act of the legislature controul a provision of the constitution, and for the same reason, neither possess original power — in both it is derivative — each therefore must be governed by the authority under" which it acts. Supreme power exists in the people alone. They have in the constitution declared, what portion of that power shall be used by the different departments — neither has a right to encroach upon the other.
If the people declare and ordain in their constitution, that an office shall be held by a particular tenure, or that the obligation of a contract shall not be violated, it would be as much usurpation in the legislature to alter that tenure or violate the obligation of the contract, as it would •be in the governor to commission for a longer period, than directed by the legislature.
It is made the duty of the judiciary to enforce the paramount law; and it is unworthy of consideration, whether it be an act of the legislature conflicting with the commission of a governor, or a provision of the constitution with an act of the legislature, or two acts with each other. In every case, the Judges are bound to use their utmost discretion.
As the constitution has not prescribed the tenure by *236 which a Solicitor shall hold his office, the act creating jUt office is the proper source from which that information is to be derived.
The act of. 1791, has given to the Solicitors all the privileges, emoluments, and advantages of the Attorney-General, and subjected them to all his duties. It appears to have been the intention of the legislature to assimilate them In every respect. The tenure by which they hold is then, the same. To determine therefore, by what tenure the Solicitors held under the act of 1791, i.t is only necessary to ascertain that of the Attorney-General. Under the constitution of 1776, the Attorney-General held his office during good behaviour. In the constitution of 1778, it is declared that the Attorney-General shall hold his office for two years and until a . successor should be appointed. This constitution however, in limiting the terms of several offices, has exempted from its operation all the incumbents then in office. The constitution of 1790, now in force, after fixing the terms of sevejid offices, of which that of Attorney-General is not’one, declares “ that a}l other officers shall be appointed as they heretofore have been, until otherwise directed by law.” The constitution of ’76 was repealed by that of ’78, and the constitution of Í78, as far as it concerns the Attorney-General’s office, was not repealed by that of 1790. The Attorney-General therefore must have "held in 1791, under the constitution of 1778; and the legislature of 1791 must have intended to limit the Solicitor’s office to two years, and until another was appointed,
It is however contended that the act of ’91 does not refer to the tenure, fixed by law for the Attorney-General’s office, but to'the tenure of the then incumbent (Mr. Moultrie,) who it is said was commissioned anterior to the constitution of ’78, during good behaviour, and who did nóf resign before 1793,. ■ ■
This argument rests upon the presumption that the legislature of 1791 knew that the Attorney-General, they in office, held it during good behaylonr under the co.Rsti- *237 iurion of ’76. But what ground is there for this presumption ? He had been appointed fifteen years before, during' the first struggles of a civil war. The very constitution under which he was appointed, was so imperfect as to last but two yearsj and it was succeeded by that of ’78, in. which it was enacted that the Attorney-General should hold for two years, and until another was appointed. The civil \yar, the alternate possession of a great portion of the state by Whigs and Tories, and that multitude of interesting national events, which .were crowded into the period between ’75 and ’91, were calculated to efface from the memory a fact so unimportant as the appointment of an Attorney-General. The very constitution, indeed, under which he had been appointed, had never been printed, and must have been soon buried and forgotten among the records of an earlier day.
If it be improbable that-the legislature of ’91 adverted to the special tenure of the then Attorney-General, it is more than probable they were well acquainted with the general provisions for that office in the constitution of ’78,
Most of the members must have been of the convention which formed the constitution of ’90; the greater part of which was borrowed from that of ’78.
It was their duty to be acquainted with the one, and there was no motive to be informed of the other.
It is therefore more probable that they intended to refer to the limitations of the constitution of ’78, than to the commission of Mr. Moultrie, under the constitution of’7C.
, The provision in the constitution of ’78 having been saved by the constitution of ’90, it was not repealed, before the act of 1812.
The successor of Mr. Moultrie, therefore, in 1792, held his appointment under the constitution of ’78. If then the act of’91 did not refer to the constitution of’78, but to Mr. Moultrie's commission, the Solicitors in ’92, held during good behaviour, and the Attorney-General but for two years, and until another was appointed. But the act of ?91, evidently intended to embrace them within the savn.e *238 tenure: it could not then have referred to Mr. Moultrie'it tenure.
Sanford and Miller, for the motion,
Gregg and contra.
If the act of ’91 could be so construed as always to regulate the tenure of the Solicitor elected, by the tenure of the Attorney-General, who happened at the moment to be in office, it would not avail Mr. Stark in this case, for he was not elected until ’96, when the Attorney-General in office held only for two years, and until another was appointed.
As the Solicitor under the act of ’91 can be regarded, as holding his office only for two years, and until another should be appointed, Mr. Stark could only have held his office from ’98, until another was appointed.. The two yeai's had then expired ; it was then in the power of the legislature to make such disposition of the office as they thought best.
I have deemed it unnecessary to express an opinion on the other grounds taken in this case. . They involve great constitutional doctrines, which ought never to be approached but with great consideration, and only decided when absolutely necessary. The motion is granted.
Justices Johnson, Colcock, Nott, and Richardson, concurred,